UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEHMAN BROTHERS HOLDINGS INC., <br><br> Plaintiff, <br><br> vs. <br><br> HOME CAPITAL FUNDING, <br><br> Defendant. | Case No. 3:09-CV-0859-WQH-BLM <br><br> **ORDER** |

HAYES, Judge:

The matter before the Court is the *Ex Parte* Application for an Order Continuing Hearing and Briefing Schedule on Lehman Brothers Holdings Inc.'s Motion to Amend Judgment. (ECF No. 36).

I. **Background**

On September 10, 2010, this Court entered default judgment against Defendant Home Capital Funding ("HCF") in the amount of $2,264,722.44, plus interest. (ECF No. 18). On November 9, 2010, Defendant HCF filed for chapter seven bankruptcy, and a Notice of Automatic Stay was filed in this action on November 15, 2010. (ECF No. 19). On October 25, 2018, Plaintiff Lehman Brothers Holdings, Inc. ("Lehman") filed a Motion to Amend Judgment to Add Names of Corporate Successors of Judgment Debtor. (ECF No. 32). On November 14, 2018, Non-Parties Ditech Financial LLC,

Security One Lending, and Ditech Mortgage Group ("the Ditech Non-Parties") filed an *Ex Parte* Application for an Order Continuing Hearing and Briefing Schedule on Lehman Brothers Holdings Inc.'s Motion to Amend Judgment. (ECF No. 36). On November 16, 2018, Plaintiff Lehman filed an Opposition. (ECF No. 42).

**II.     Contentions of the Parties**

The Ditech Non-Parties request that the Court continue the hearing date on Plaintiff's Motion to Amend Judgment from December 3, 2018 to February 11, 2019. The Ditech Non-Parties assert that a continuance is necessary to ensure that the briefing on Plaintiff's Motion "is based on a full and complete record," since the parties are currently engaged in discovery in a New York bankruptcy court on the same successor liability question raised by Plaintiff's Motion. (ECF No. 36 at 3). Additionally, the Ditech Non-Parties contend that independent of the ongoing discovery in New York, Plaintiff's Motion "raises a host of additional factual disputes and legal issues into which investigation and discovery is self-evidently necessary." (ECF No. 36-1 at 8). The Ditech Non-Parties assert that "the Ditech Non-Parties would suffer irreparable harm if this motion was heard according to regularly noticed motion procedures." (ECF No. 36 at 3).

Plaintiff contends that the continuance is not necessary because "it is only Lehman that will benefit from any further discovery in New York, not Ditech, and Lehman is content to move forward with its Motion to Amend nonetheless." (ECF No. 42 at 2) (emphasis omitted). Plaintiff further contends that "potential prejudice caused by further delay is only exacerbated by Ditech's self-proclaimed and acknowledged weakening financial condition, as evidenced by having been ejected from the New York Stock Exchange." *Id.* at 7.

**III.    Ruling of the Court**

Before the original time or its extension expires, the Court may extend time for a party to file a responsive document upon a showing of good cause. Fed. R. Civ. P.

6(b)(1)(A). In this case, good cause having been shown, IT IS HEREBY ORDERED that:

1. The *ex parte* application (ECF No. 36) is GRANTED.

2. The hearing date for Lehman Brothers Holdings Inc.'s Motion to Amend Judgment (ECF No. 32) is continued from December 3, 2018 to February 11, 2019.

3. The briefing schedule on Lehman Brothers Holdings Inc.'s Motion to Amend Judgment (ECF No. 32) is amended as follows:

    a. **Opposition Brief Deadline:** January 28, 2019

    b. **Reply Brief Deadline:** February 4, 2019

IT IS SO ORDERED.

Dated: November 28, 2018

Hon. William Q. Hayes
United States District Court